**Counsel of Record:**

Stephan J. Schlegelmilch
Bridget M. Fitzpatrick
C. Joshua Felker
Adam J. Eisner
Carolyn Kurr
U.S. SECURITIES AND EXCHANGE COMMISSION
100 F. Street, N.E.
Washington, DC 20549
Telephone: (202) 551-4935 (Schlegelmilch)
Facsimile: (202) 551-4935 (Schlegelmilch)
SchlegelmilchS@SEC.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

**UNITED STATES SECURITIES AND EXCHANGE COMMISSION**

**Plaintiff,**

**vs.**

**TIMOTHY J. COUGHLIN, OICU LTD., and OICU INVESTMENTS CORP. (*both d/b/a "Oxford International Credit Union" and/or "Oxford International Cooperative Union"*),**

**Defendants, and**

**AMERICAN QUALITY CLEANING SERVICES, INC. (*d/b/a "Oxford Privacy Group"*), and AVOCALON, LLC,**

**Relief Defendants.**

**Civil No. 1:14-cv-00562-WTL-MJD**

# FINAL JUDGMENT AS TO DEFENDANT TIMOTHY J. COUGHLIN

The Securities and Exchange Commission having filed a Complaint and Defendant Timothy J. Coughlin ("Defendant") having entered a general appearance and consented to the

Court's jurisdiction over Defendant and the subject matter of this action; having consented to entry of this Final Judgment waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [*15 U.S.C. § 78j(b)*] and Rule 10b-5 promulgated thereunder [*17 C.F.R. § 240.10b-5*], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [*15 U.S.C. § 77q(a)*] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [*15 U.S.C. § 77e*] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to

be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [*15 U.S.C. § 78u(d)(2)*] and/or Section 20(e) of the Securities Act [*15 U.S.C. § 77t(e)*], Defendant is permanently prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [*15 U.S.C. § 78l*] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [*15 U.S.C. § 78o(d)*].

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from, directly or indirectly, including, but not limited to, through any entity he owns or controls, participating in the issuance, purchase, offer, or sale, of

any security, provided, however, that this Final Judgment shall not prevent him from purchasing or selling securities for his own personal account.

VI.

No monetary relief or civil penalty is imposed against Defendant in this Final Judgment in consideration of the forfeiture, restitution, and incarceration to which he is subject in *United States v. Coughlin*, Crim. No. 1:14-CR-221 (E.D.Va.).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: October 29, 2014

William T. Lawrence

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution to all registered counsel by electronic notification via CM/ECF