**Counsel of Record:**

Stephan J. Schlegelmilch
Bridget M. Fitzpatrick
C. Joshua Felker
Adam J. Eisner
Carolyn Kurr
U.S. SECURITIES AND EXCHANGE COMMISSION
100 F. Street, N.E.
Washington, DC 20549
Telephone: (202) 551-4935 (Schlegelmilch)
Facsimile: (202) 551-4935 (Schlegelmilch)
SchlegelmilchS@SEC.gov

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

|  |  |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION** | : <br> : <br> : |
| **Plaintiff,** | : <br> : |
| **vs.** | : **Civil No. 1:14-cv-00562-WTL-MJD** <br> : |
| **TIMOTHY J. COUGHLIN, OICU LTD., and OICU INVESTMENTS CORP.** (*both d/b/a "Oxford International Credit Union" and/or "Oxford International Cooperative Union"*), | : <br> : <br> : <br> : <br> : |
| **Defendants, and** | : <br> : |
| **AMERICAN QUALITY CLEANING SERVICES, INC.** (*d/b/a "Oxford Privacy Group"*), and **AVOCALON, LLC,** | : <br> : <br> : <br> : |
| **Relief Defendants.** | : <br> : |

## FINAL JUDGMENT AS TO DEFENDANTS OICU LTD., AND
## OICU INVESTMENTS CORP.

The Securities and Exchange Commission having filed a Complaint and Defendants

OICU Ltd. and OICU Investments Corp. ("Defendants") having entered a general appearance;

consented to the Court's jurisdiction over Defendants and the subject matter of this action;

consented to entry of this Final Judgment without admitting or denying the allegations of the

Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived

any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and

Defendants' agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [*15 U.S.C. § 78j(b)*] and

Rule 10b-5 promulgated thereunder [*17 C.F.R. § 240.10b-5*], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national

securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact
        necessary in order to make the statements made, in the light of the circumstances
        under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would
        operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [*15 U.S.C. § 77q(a)*] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [*15 U.S.C. § 77e*] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce

3

or of the mails to sell such security through the use or medium of any prospectus

or otherwise;

(b)      Unless a registration statement is in effect as to a security, carrying or causing to

be carried through the mails or in interstate commerce, by any means or

instruments of transportation, any such security for the purpose of sale or for

delivery after sale; or

(c)      Making use of any means or instruments of transportation or communication in

interstate commerce or of the mails to offer to sell or offer to buy through the use

or medium of any prospectus or otherwise any security, unless a registration

statement has been filed with the Commission as to such security, or while the

registration statement is the subject of a refusal order or stop order or (prior to the

effective date of the registration statement) any public proceeding or examination

under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

Defendants are permanently restrained and enjoined from, directly or indirectly, including, but

not limited to, through any entity Defendants own or control, participating in the issuance,

purchase, offer, or sale, of any security, provided, however, that this Final Judgment shall not

prevent Defendants from purchasing or selling securities for Defendants' own accounts.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

Defendants are jointly and severally liable for disgorgement of $10,053,234, representing profits

gained as a result of the conduct alleged in the Complaint, together with prejudgment interest

thereon in the amount of $1,466,479.72, and Defendants are individually liable to each pay a

civil penalty in the amount of $775,000 pursuant to Section 20(d) of the Securities Act [*15*

*U.S.C. § 77t(d)*] and Section 21(d) of the Exchange Act [*15 U.S.C. § 78u(d)*].  Defendants shall

satisfy this obligation by jointly and severally paying $11,519,713.72 and also individually

paying $775,000 to the Securities and Exchange Commission within 14 days after entry of this

Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Defendant's name; and specifying that payment is made pursuant to this Final

Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action.  By making this payment,

Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of

the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that Defendants are entitled to, nor shall Defendants further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.

Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:  October 29, 2014

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution to all registered counsel by electronic notification via CM/ECF